# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CRIMINAL ACTION<br>NO. 1:16-cr-00067-SCJ-CMS |
| TYSON RHAME,<br>TERRENCE KELLER, aka TERRYK,<br>JAMES SHAW, and FRANK BELL, | |
| Defendants. | |

### DEFENDANT FRANK BELL'S REPLY BRIEF IN SUPPORT OF HIS MOTIONS TO COMPEL DISCOVERY

In his two motions to compel, Defendant Frank Bell requested that the Court order the government to:

1. Identify responsive *Brady* materials in its massive discovery productions;
2. Provide contact information for witnesses the government has identified;
3. Provide the documents reviewed by witnesses and referenced in the government's interview memos.
4. Provide the documents provided to the government by witnesses.
5. Provide grand jury testimony of all witnesses that provided *Brady* information;
6. Provide Sterling customer interviews, statements or correspondence, including from an online FBI Victim Questionnaire, that contain *Brady* information; and

9296418v2

7.   Provide all documents relating to Tony Pleasant's termination.

In its response, the government agreed to provide items 1 and 7, and has provided item 7. [Doc. 107, p. 8 n.2, p. 16.] Therefore, the Court should grant Mr. Bell's motion as to item 1. The government has refused to provide (or provide in a timely manner) items 2, 3, 4, 5, and 6. However, the government has no proper basis to continue to withhold witness contact information (item 2), and documents shown to, or received from, the witnesses (items 3 and 4). Additionally, the government has taken an improperly narrow approach to its *Brady* obligations (items 5 and 6). Accordingly, the Court should grant Mr. Bell's motions and order the government to comply with its discovery obligations.

**A.   The Government Should Produce Unredacted Witness Statements. [Item 2]**

The government does not own "its" witnesses. The Defendants are entitled, without government interference, access to prospective witnesses. *United States v. Bennett*, 928 F.2d 1548, 1553-54 (11th Cir. 1991); *United States v. Pepe*, 747 F.2d 632, 655 (11th Cir. 1984), citing *Weatherford v. Bursey*, 429 U.S. 545, 549 (1977). Under the government's narrow view, though, because it is not yet obligated to provide witnesses statements, those it does voluntarily provide do not have to be complete or verifiable.

In other words, the government can identify a prospective witness, summarize what the government thinks the witness said, and indicate that it knows how to contact the witness. It can then withhold the means for the defense to contact the witness, and even refuse to provide enough identifying information for the defense to conduct its own search and locate the witness. Despite that "the government's duty is, simply, not to deny access," that is exactly what the government has done. *Bennett*, 928 F.2d at 1553.

The government did indicate that "if the defendants make reasonable, targeted requests for witnesses whom they cannot locate, the Government will be able to make individualized inquiries and assess whether there is any valid basis for withholding the contact information in that particular instance." (Doc. 107 at 14-15.) However, witnesses are neither the property of the government nor of the defendant. *United States v. Matlock*, 491 F.2d 504, 506 (6th Cir.), cert. denied, 419 U.S. 864 (1974). Courts have repeatedly ordered the government to allow defendants access to prospective government witnesses, noting that "the government does not 'control' its witnesses . . . ." *United States v. Tutt*, 2016 U.S. Dist. LEXIS 98062, 5-6 (S.D. Ga. July 27, 2016); *United States v. Willis*, 2014 U.S. Dist. LEXIS 146451 (S.D. Ga. Oct. 14, 2014). "[T]he prosecution may not interfere with the free choice of a witness to speak with the defense absent

justification by the clearest and most compelling considerations . . . [which is] in complete accord with the holding of every circuit that has examined this question." *United States v. Troutman*, 814 F.2d 1428, 1453 (10th Cir. 1987), citing *United States v. Bittner*, 728 F.2d 1038, 1041-42 (8th Cir. 1984); *United States v. Walton*, 602 F.2d 1176 (4th Cir. 1979); *United States v. Rich*, 580 F.2d 929 (9th Cir. 1978).

Moreover, the government's cited reason for withholding witnesses' contact information – because the witnesses themselves may not have provided the information – simply does not hold water. As courts have stated, valid reasons for withholding access to witnesses include when "witnesses are in obvious danger and/or where their safety is in continuing jeopardy . . . [or i]n a sexual abuse prosecution where young child witnesses are involved." *United States v. McGhee*, 495 F. Supp. 2d 1024, 1026 (D.S.D. 2007). The government has not, though, cited any cases supporting the confidentiality of witness contact information just because the witness did not provide the information themselves, because "[c]learly, a witness may refuse to be interviewed." *Bennett*, 928 F.2d at 1553. Should the witness decline to speak with the defense, the witness should make that decision, not the government.

Finally, the government's proposal, while it may seem reasonable on its face, is improper as it seeks to invade the defense's defense strategy. The defense

should not be required to disclose to the government specific witnesses it may deem important thereby allowing the government to a sneak peek into the defense.

**B.    The Government Should Provide Attachments to Witness Statements. [Items 3 and 4]**

Withholding attachments to witness statements is akin to redacting portions of statements. Witness statement attachments fall under two categories: (1) documents provided by the witness; and (2) documents shown to the witness. The government did not respond at all to the part of the motion to compel seeking documents provided by the witnesses; accordingly, that aspect of the motion should be granted without objection by the government.

With respect to the documents shown to witnesses, the government states that the Defendants already have all of these documents through discovery and production would be overly burdensome. [Doc. 107 at pp. 15-16.] The government burdensomeness argument is troubling – there really is no burden on the government as many of the witness interview statements actually state that these documents are "attachments" – *they are **attached*** to the original witness statements or included with the witness file in a separate envelope in the "1A" section of the FBI file. The burden on the defense to put this puzzle together is virtually impossible, especially compared to the miniscule burden on the

government of simply asking the FBI to print the complete witness statements, including the documents "attached."

Moreover, several of the witness statements refer to documents that are not easily identifiable. [*See* Defendant Frank Bell's Motion to Compel Discovery, Doc. 83, at 12-13.] Recognizing this problem, the defense emailed the government on May 6, 2016 and provided specific examples of witness interviews where it was unclear what documents were shown to the witnesses and specifically asked for those documents. (*See* Email from Aaron Danzig to AUSAs Grimberg and Krepp, May 6, 2016, attached hereto as Exhibit A). However, the government never bothered to even respond to the email. In fact, the government in its response claims that it is "[cognizant of the 'needle in the haystack' issue with a discovery production of this size," [Doc. 107 at p. 3], yet still refuses to provide and/or identify the documents. Accordingly, the government should be ordered to produce the documents received by, and shown to, the witnesses. Or, if those documents have already been produced, the government should be ordered to specifically identify where in the "well over one terabyte" of evidence such documents are located.

C. **The Government Should Produce Grand Jury and Other Witness Testimony, and Identify *Brady* Materials in its Voluminous Production, by a Date Certain, or Provide it to the Court for *In Camera* Review. [Items 5 and 6]**

The government correctly cites *Brady* for the proposition that the Constitution's Due Process Clause requires the government to disclose "evidence favorable to an accused upon request . . . where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The government, though, takes too narrow a view of *Brady* and tries to cast the defense position as requesting all testimony where a witness "has anything nice to say about the defendants." [Doc. 107, p. 10]. The government further argues that, because the defense provided specific examples of instances where it believed the government should be providing grand jury testimony, the defense must already have the information it is demanding. [Doc. 107, p. 10.]. Finally, the government argues that it has spent considerable time answering defense questions and provided defendants a "reverse proffer." None of the government's positions support denying the defense motions.

First, the defense has not requested production of "anything nice" said about the defendants. Both Mr. Bell and Mr. Rhame, in their respective *Brady* motions, provided specific examples of information they believed constituted *Brady* material. In his reply brief, Mr. Rhame has expanded on those examples and provided additional examples. Mr. Rhame further showed that the requested

information should be produced in that, if that information exists as believed by the defense, it relates to the offenses charged and defenses thereto, including but not limited to evidence of the defendants' good faith and of the materiality requirement for mail and wire fraud. Rather than repeat those arguments herein, Mr. Bell instead specifically adopts those arguments and incorporates them into his reply brief. [Doc. 124, attached hereto as Exhibit B and incorporated herein.]

Second, that the defense satisfied its burden of providing specific instances where the defense believes the government has withheld *Brady* information should not then be used by the government to claim that the defense already has the *Brady* information. Such tautology is improper and should not be countenanced by the Court. The issue here is that the defense does not know what it does not know. But the defense believes that there is some specific *Brady* information that has not been disclosed which raises questions about whether the government has complied with its obligations. Thus, motions to compel have been filed and should be granted.

Finally, the government argues in its response that it has spent considerable time "fielding questions and identifying or re-packaging particular discovery items at the request of defendants' counsel." [Doc. 107 at p. 3] It further argues that it provided "reverse proffers" to defendants' counsel, and, therefore, the motions to compel do "not provide a fair representation of the efforts that have been made by

the Government to be as responsive and transparent as practicable." [Doc. 107 at pp. 3-4.]. These arguments, however, are simply irrelevant to the *Brady* issue and the government's improperly narrow view of its *Brady* obligations.

**C.   Conclusion.**

Defendant Frank Bell therefore requests that the Court grant the motions and compel the government to:

1.  Identify responsive *Brady* materials in its massive discovery productions;

2.  Provide contact information for witnesses the government has identified;

3.  Provide the documents reviewed by witnesses and referenced in the government's interview memos.

4.  Provide the documents provided to the government by witnesses.

5.  Provide grand jury testimony of all witnesses that provided *Brady* information or require the government to produce such documents to the Court for an *in camera* inspection to identify *Brady* material; and

6.  Provide Sterling customer interviews, statements or correspondence, including from an online FBI Victim Questionnaire, that contain *Brady* information or require the government to produce such documents to the Court for an *in camera* inspection to identify *Brady* material.

Dated: September 29, 2016.

                                                        ARNALL GOLDEN GREGORY LLP

                                                       */s/ Aaron M. Danzig*
                                                       Aaron M. Danzig
                                                       Ga. Bar No.2015151
                                                       Sean T. Sullivan
                                                       Ga. Bar No. 558105
                                                       171 17th St., NW
                                                        Suite 2100
                                                       Atlanta, Georgia 30363-1031
                                                       Phone: (404) 873-8504
                                                       Fax: (404) 873-8505
                                                       aaron.danzig@agg.com
                                                       sean.sullivan@agg.com
                                                      Counsel for Defendant Frank Bell

## LOCAL RULE 7.1(D) CERTIFICATION

I certify that the foregoing has been formatted in Time New Roman, 14-point font type, which complies with the font size and requirements of Local Rule 5.1(B).

Dated: September 29, 2016

*/s/ Aaron M. Danzig*
Aaron M. Danzig

## CERTIFICATE OF SERVICE

I certify that I have electronically filed the forgoing document with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

Dated: September 29, 2016,

*/s/ Aaron M. Danzig*
Aaron M. Danzig
